**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Janice Long, et al. v. Ameriquest Mortgage Company, Inc., et al.*; Case No. 1:08-CV-04290 | |

## DEFENDANT CITI RESIDENTIAL LENDING INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant CITI RESIDENTIAL LENDING INC. ("Defendant"), by and through its attorneys, answers Plaintiffs JANICE LONG; GEORGE and EMMA ABBO; and JOHN and TAMMY BISHOP ("Plaintiffs") Complaint as follows.

## COMPLAINT

COME NOW the Plaintiffs and as their Complaint against the defendants aver as follows:

## INTRODUCTION

1.     This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest"). Some of these loans were subsequently assigned to the other Defendants. Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate

- 1 -

disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice

of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide

adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions.

Each Plaintiff has exercised that right by delivering written notice of an election to cancel in

accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other

defendants have wrongfully failed to recognize the rescission and failed to comply with its other

TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court

determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and

actual damages for violations of TILA, plus attorney's fees and costs.

**ANSWER:** **To the extent a response to this paragraph is required, Defendant responds as follows: The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## JURISDICTION

2.    This action includes claims which arise under the statutes of the United States and

this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

## THE PARTIES

3.    Plaintiffs are all of full age of majority and reside in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign

corporation with its principal place of business in Orange, California. At all relevant times,

Ameriquest was engaged in the making and/or selling of federally related residential mortgage

loans.  Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.    Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California.  It is a wholly- owned subsidiary of ACC Capital Holdings Corporation.  AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

6.    Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.    Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing, or has otherwise obtained the loans of Janice Long and George and Emma Abbo, and claims the right to receive payments thereunder and does business in this district.  Citi purchased AMC, therefore as the transferee of Plaintiffs' mortgages, Citi can be held responsible for the liabilities of the transferor.

**ANSWER:**   **Defendant admits that it is a Delaware corporation with a place of business at 1100 Town & Country Road, Suite 400, Orange, California 92868. Defendant admits that it services some loans originated by Ameriquest Mortgage Company, including the Long and Abbo loans, and holds the right to receive payments on such loans.  Defendant admits that it purchased**

certain assets of AMC Mortgage Services, Inc.  Defendant denies any
remaining allegations of this paragraph.

8.    Defendant GMAC Mortgage, LLC ("GMAC") is a foreign corporation
incorporated in Delaware, and upon information and belief is currently servicing, or has
otherwise obtained the loan John and Tammy Bishop, and claims the right to receive payments
thereunder and does business in this district.

ANSWER:    Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.

## FACTS

### Applicable Truth in Lending Act Requirements

9.    Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15
U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").
TILA grants a consumer a three- day right to cancel certain types of real estate loan transactions.
This three- day right to cancel applies to each of the Plaintiffs' loans.

ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an
answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiffs.

10.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon
the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of
the information and rescission forms" required by that section; or (3) delivery of accurate
"material disclosures" required by TILA.  Section 1635(a) requires that each borrower, or any
other person whose home ownership interest may be compromised by a credit transaction, must
receive two (2) copies of completed notices specifying the precise day upon which the
cancellation period expires.  12 C.F.R. § 226.23(b)(1) (emphasis added).  This notice is required
to be on a separate piece of paper and it must contain the date the rescission period ends.  12

C.F.R. § 226.23(b)(1).  If the required notice of cancellation is not provided, then the right to

cancel extends up to three years after the date of the loan.  15 U.S.C. § 1635(f).

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

       11.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to

15 U.S.C. § 1641(c).

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

       12.    A consumer may exercise the right to cancel a transaction by delivery of a written

notification of the consumer's election to cancel the transaction to the creditor's place of

business.  Notice is effective upon mailing and notice on the agent servicing the loan is effective

notice on the holder of the mortgage.  12 C.F.R. § 226.23(a)(2).

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

       13.    When a consumer rescinds a transaction, the security interest giving rise to the

right of rescission immediately becomes void and the consumer is not liable for any amount,

including any finance charge.  15 U.S.C. § 1635(b).

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

       14.    Within twenty (20) days after the receipt of a consumer's election to cancel the

transaction, the creditor must return to the consumer all money or property given, including all

interest and finance charges paid, and shall take all action necessary or appropriate to reflect the

termination of any security interest created under the transaction.  15 U.S.C. § 1635(b); 12

C.F.R. § 226.23(d).    Upon and after performance of the creditor's aforementioned obligations

under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

15. As to Plaintiff Janice Long's loan, Ameriquest failed to provide the required notices of the Plaintiff's right to cancel. The form notices that were supplied to Plaintiff Long were blank, unsigned, and not dated. At no point at or after closing was Plaintiff Long provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16. As to Plaintiffs George and Emma Abbo's loan and Plaintiffs John and Tammy Bishop's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:** **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

17. With respect to all of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:**   **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18.   Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

19.   Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest, and also Citi and GMAC for some of the loans, of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest, Citi and/or GMAC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

**ANSWER:**   **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20.   Ameriquest, Citi and GMAC are a "creditor" as that term is defined at 1 S U.S.C. 1602(f).

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant admits the allegations of this paragraph.**

### The Long Loan

21.   Plaintiff Janice Long is an adult resident of Rockdale County, Georgia and at all material times resided at 2400 Scarlett Lane, SE in Conyers, Georgia.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22.    On or about December 20, 2005, Ms. Long obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $153,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Lone Loan").

**ANSWER:**    **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:**    **To the extent this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24.    With respect to the Long loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One- Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TWA. That notice was also delivered unsigned and undated.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Long retained her right to cancel the transaction.

**ANSWER:**    To the extent that this paragraph states legal conclusions, no answer is
required.  If an answer is required, Defendant is without knowledge or
information sufficient to form a belief as to the truth of the allegations of this
paragraph and on that basis denies such allegations.

26.    On information and belief this mortgage loan was assigned to, or was otherwise
obtained by Citi.

**ANSWER:**    Defendant admits that it services the Long loan, and holds the right to
receive payments on it.  Defendant denies any remaining allegations of this
paragraph.

27.    By letter dated April 17, 2008, Plaintiff, through her attorney, exercised the
extended right to rescind the contract by sending notice by certified mail to both the originator
and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.

28.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to
15 U.S.C. § 1641(c).

**ANSWER:**    Because this paragraph states legal conclusions, no answer is required.  If an
answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiffs.

29.    Despite having received notice of Plaintiff's election to cancel the transaction,
Defendants have failed to take any steps necessary or appropriate to reflect the termination of the
security interest created in connection with Plaintiff's loan.  The failure to take such steps is a
violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said
security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    Because this paragraph states legal conclusions, no answer is required.  If an
answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiffs.

30.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel,

retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT ONE

### TILA Violations- Lone

31.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:**    **Defendant reasserts its responses to all of the preceding allegations in response to this paragraph.**

32.    Plaintiff has properly and effectively cancelled and rescinded the Long Loan in

accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:**    **Because paragraph 32 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

33.    Defendants have violated T1LA, with respect to the Long Loan, in at least the

following ways:

   (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

   (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:**    **Because paragraph 33 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff Janice Long respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

(A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

(B)     Actual damages in an amount to be determined at trial;

(C)     Rescission of the Long Loan, including a declaration that the Plaintiff is not - liable for any finance charges or other charges imposed;

(D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

(E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

(F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

(G)     An award of reasonable attorney fees and costs; and

(H)     Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### The Abbo Loan

34.     Plaintiffs George and Emma Abbo are adult residents of Whitfield County, Georgia and at all material times resided at 334 Cedar Street in Cohutta; Georgia.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35.    On or about May 24, 2005; Mr. and Mrs. Abbo obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was 567,900.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Abbo Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

37.    With respect to the Abbo loan, Ameriquest included in its dosing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One- Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

38.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Abbo retained their right to cancel the transaction.

**ANSWER:** To the extent that this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

39.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

**ANSWER:** Defendant admits that it services the Abbo loan, and holds the right to receive payments on it. Defendant denies any remaining allegations of paragraph 39.

40.     By letter dated April 16, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by-sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

41.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

42.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

43.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel,

retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT TWO

### TILA Violations- Abbo

44.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:     Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

45.     Plaintiffs have properly and effectively cancelled and rescinded the Abbo Loan in

accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

46.     Defendants have violated TILA, with respect to the Abbo Loan, in at least the

following ways:

> (A)     By failing to take actions after rescission as required by U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs George and Emma Abbo respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

(A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

(B)    Actual damages in an amount to be determined at trial;

(C)    Rescission of the Abbo Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

(D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

(E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

(F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

(G)    An award of reasonable attorney fees and costs; and

(H)    Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendants deny any wrongdoing and deny any liability to Plaintiffs.**

### The Bishop Loan

47.    Plaintiffs John and Tammy Bishop are adult residents of Gwinnett County, Georgia and at all material times resided at 411 Engle Drive in Tucker, Georgia.

- 15 -

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

48.    On or about May 9, 2005, Mr. and Mrs. Bishop obtained a residential real estate mortgage loan with Ameriquest.  The total-amount of the loan was $135,850.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Bishop Loan").

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

49.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

50.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Bishop retained their right to cancel the transaction.

**ANSWER:**    **To the extent that this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

51.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by GMAC.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

52.    By letter dated May 2, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

53.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 164I(c).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

54.    Despite having received notice of-Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

55.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT THREE

### T1LA Violations- Bishop

56.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:    Defendant reasserts its responses to the preceding allegations in response to this paragraph.**

57.    Plaintiffs have properly and effectively cancelled and rescinded the Bishop Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

58.    Defendants have violated TILA, with respect to the Bishop Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by U.S.C. § 635(b), including-the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:    Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs John and Tammy Bishop respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    (A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    (B)    Actual damages in an amount to be determined at trial;

(C)    Rescission of the Bishop Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

(D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

(E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

(F)    A declaration-that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

(G)    An award of reasonable attorney fees and costs; and

(H)    Such other relief at law or equity as this Court may deem just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**PRAYER**

Defendant prays this court to:

1.      Dismiss plaintiffs' Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and

appropriate.

Respectfully submitted,

DATED:  July 31, 2008                    By: /s/ Bernard E. LeSage
                                                      *Attorneys for Citi Residential Lending Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 31st day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____/s/  Bernard E. LeSage_____


BN 2136289v1